IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**MAURICE DONNELL COOPER,** :
:
    **Plaintiff** : **CIVIL NO. 1:CV-09-02427**
:
**v.** : **(Judge Rambo)**
:
**T. R. SNIEZEK,** *et. al.*, :
:
    **Defendants** :

## **M E M O R A N D U M**

Before the court is Plaintiff Maurice Cooper's ("Cooper") motion for reconsideration of the court's memorandum and order of September 7, 2010, (Doc. 56), granting Defendants' motion for summary judgment, denying Cooper's motion for summary judgment, and denying Cooper's motion for a preliminary injunction. For the reasons that follow, the instant motion, (Doc. 65), will be denied.

### **I.**    **Background**

In his Amended Complaint, Cooper asserted five counts. In count one, he alleged that Defendant Diehl wrote a false disciplinary report against him, Defendant Maurer denied him procedural due process because he was not allowed to present witnesses at his due process hearing, and Defendant Talamantes, who was the hearing officer, denied him access to the courts by not permitting him to communicate with his attorney by telephone because he sanctioned Cooper with the loss of telephone privileges.

In count two, Cooper alleged that Defendant Petrucci wrongfully restricted his financial account and Defendant Brill refused to provide him with photocopies of his legal materials, and these actions deprived him of his right of access to the courts and, with regard to his restrictions placed on his financial accounts, violated the Eighth Amendment because he was not able to maintain his personal hygiene.

In count three, Cooper alleged that Defendant Sniezek violated the Eighth Amendment by making derogatory comments to him about his biological mother. In count four, Cooper alleged that Defendant Talamantes wrote a false disciplinary report charging him with lying to a staff member, and Defendants Petrucci and Bittenbender violated his due process rights by not providing him with representation or permitting him to have witnesses testify at his hearing for the alleged false disciplinary report. Finally, in count five, Cooper alleged that the BOP is liable for its failure to train its officers

In its September 7, 2010 memorandum and order, the court found that the individual Defendants who were sued in their official capacity, as well as the BOP, an administrative agency of the executive branch of the United States, were entitled to sovereign immunity because a suit against a federal official, or an administrative agency of the United States, for money damages in his or her official capacity is nothing more than a suit against the United States and the United States has not

2

waived its sovereign immunity. (*See* Doc. 56, Sept. 7, 2010 Mem. & Order at 11.) In his motion for reconsideration, Cooper argues that the court was mistaken in reaching this conclusion, and "seek[s] a significant extension of Bivens . . . to expand the category of Defendants against whom Bivens-type actions may be brought to include not only federal agents, but federal agencies." (Doc. 66, Pl.'s Br. in Supp. of Pl.s Mot. for Recons. at 8.) Cooper also asserts that the court ignored the fact that he was seeking injunctive relief against these parties, not just monetary damages.

As to Cooper's other claims, the court found that he has failed to exhaust his administrative remedies with regard to all of his claims except his access to the courts claim, and therefore granted summary judgment for Defendants. Cooper claims that the court erred in finding that he did not exhaust his appeal of the discipline meted out by the BOP in response to his leaving work without permission. Specifically, Cooper claims that he appealed this decision to the Regional Director who remanded the matter back to the prison so that it could properly complete the disciplinary action report, and that upon this remand, he was informed that after receipt of a new disciplinary action report, he "may" file a new request for an administrative remedy if he desires. (*See id.* at 16.) Cooper alleges that this conflicts with regulations stating that Cooper "must" completely exhaust his administrative remedies prior to filing a

3

complaint in federal court, and that the court did not address this apparent discrepancy.

Finally, with regard to Plaintiff's access to the courts claim, the court found that the undisputed record establishes that Cooper had access to the courts to appeal his criminal conviction, and that he has come forward with no evidence from which a reasonable jury could conclude that any actions taken by Defendants restricted his access to the courts. Cooper alleges that the court did not afford him the proper leeway that should be given a pro se prisoner. Cooper attached to his motion for reconsideration an affidavit that he asserts clarifies how Defendants deprived him of access to court. (*See id.* at 20-21; *see also*, Doc. 67, Aff. of Maurice Donnell Cooper.)

## II. Discussion

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to

4

prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (internal quotations omitted). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Applying these standards, the court concludes that Cooper has not demonstrated any of the applicable grounds for reconsideration. Initially, the court finds no intervening change in controlling law and no error of law or fact. Additionally, Cooper's restated arguments do not constitute new evidence that was unavailable

5

when the court entered judgment. The fact that Cooper now adds further detail to his claims is irrelevant because he is not entitled to two chances to argue his case. Moreover, even taking into consideration the arguments advanced by Cooper in his motion for reconsideration, the court remains confident that the analysis set forth in the September 7, 2010 memorandum and order is sound. Accordingly, the motion for reconsideration will be denied.

    An appropriate order will be issued.

                                                      s/Sylvia H. Rambo
                                                    United States District Judge

Dated: September 23, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**MAURICE DONNELL COOPER,** :
:
    **Plaintiff** : **CIVIL NO. 1:CV-09-02427**
:
    v. : **(Judge Rambo)**
:
**T. R. SNIEZEK,** *et. al.*, :
:
    **Defendants** :

## **O R D E R**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for reconsideration, (Doc. 65), is **DENIED**.

                                    s/Sylvia H. Rambo
                                    United States District Judge

Dated: September 23, 2010.